IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PATRICK L. SHERMAN                                                                 PLAINTIFF
ADC #096304

V.                          NO. 4:23-cv-00500-BSM-ERE

PERKINS, *et al.*                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

On May 31, 2023, Plaintiff Patrick Sherman, an Arkansas Division of Correction ("ADC") inmate, filed this action *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Because Mr. Sherman is a "three-striker,"[1] he can proceed *in forma pauperis* only

---

[1] The following dismissals constitute "strikes" for purposes of 28 U.S.C. § 1915(g): *Sherman v. Rhodes, et al.*, E.D. Ark. Case No. 5:96-cv-365-LPR; *Sherman v. Corr. Med. Services*,

if he is currently in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

In his complaint and amended complaint, Mr. Sherman alleges that: (1) the three strikes rule, 28 U.S.C. § 1915(g), is unconstitutional;[2] (2) ADC staff members have verbally threatened him; (3) ADC officers failed to provide him any assistance when he complained that he was feeling suicidal on May 25, 2023; (4) on unidentified dates, he has become physical ill after eating his meal trays; (5) Defendant Perkins previously physically and verbally abused him, as well as other inmates; (6) Defendant Payne has failed to provide him a Director's review since his assignment to Varner SuperMax in violation of ADC policy;[3] and (6) ADC staff members may fail to provide him adequate mental health treatment in the future. He sues seventeen individuals, including the United States Attorney General, and the United States District Court for the Eastern District of Arkansas in their official

---

E.D. Ark. Case No. 5:01-cv-161-JM; and *Sherman v. Norris*, E.D. Ark. Case No. 5:97-cv-405-DPM.

[2] The Court previously explained to Mr. Sherman that the Eighth Circuit has upheld the constitutionality of the three strikes rule. See *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (conclude that three strikes rule is "rationally related to a legitimate government interest and does not violate equal protection.").

[3] The law is settled that an official's failure to follow ADC policy or procedure is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

capacity seeking only injunctive relief.[4] Mr. Sherman's alleged facts are insufficient to suggest that Mr. Sherman faces an imminent danger of serious physical injury.

Based on Mr. Sherman's status as a three-striker and his failure satisfy the imminent-danger-of-serious-physical-injury standard, on June 2, 2023, the Court ordered him to pay the $402.00 filing fee within 30 days. *Doc. 2*. The Court specifically cautioned Mr. Sherman that his failure to comply with the Court's Order would result in dismissal of his claims, without prejudice.

To date, Mr. Sherman has not complied with the Court's June 2, 2023 Order, and the time for doing so has passed.[5] Accordingly, Mr. Sherman's complaint and amended complaint should be dismissed based on his failure to satisfy the filing fee requirement.

Alternatively, Mr. Sherman's claims could also be dismissed on screening[6] because it is clear from the face of his pleadings that he failed to exhaust his

---

[4] Mr. Sherman requests that the Court "issue an injunction ordering:" (1) the three strikes rule unconstitutional; and (2) ADC officials to transfer him to another prison; and (3) Defendant Perkins to remain physically separate from Mr. Sherman. *Doc. 1 at 15-16*; *Doc. 3 at 2*.

[5] On June 14, 2023, the Court denied Mr. Sherman's motion for leave to proceed *in forma pauperis* for reasons previously stated by the Court. *Doc. 5*. In the June 14 Order, the Court reminded Mr. Sherman of his responsibility to pay the statutory filing fee by July 5, 2023. *Id*.

[6] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

administrative remedies *before* filing this action.

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). Thus, the PLRA required Mr. Sherman to satisfy the ADC's requirements for raising and administratively exhausting his claims before bringing this action.[7]

Mr. Sherman attaches several grievance papers to his original complaint. *Doc. 1 at 18-22*. Those grievances are dated May 25, 2023. *Id.* On May 30, 2023, Mr. Sherman filed this lawsuit. *Doc. 1*. In his complaint, Mr. Sherman explained that he did not fully exhaust the claims raised in this lawsuit because ADC officials refused to sign his grievance papers. *Id. at 6*. However, the events giving rise to Mr. Sherman's claims occurred between May 18 and May 25, 2023. Accordingly, he

---

[7] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or her misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

could not have fully exhausted his administrative remedies through the three-step inmate grievance process before May 30, 2023, the date he filed this lawsuit. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)").[8]

While failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted. See *Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005) (dismissal for failure to exhaust inappropriate unless the failure is apparent on face of complaint); and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under

---

[8] As stated in the ADC's publicly available inmate handbook, under the ADC's three-step grievance procedure, once the Warden responds to a grievance, the inmate must then proceed to Step three by appealing the Warden's decision and awaiting an appeal decision. Only after completing all three steps of the grievance procedure may an ADC inmate properly file suit in federal court. https://doc.arkansas.gov/wp-content/uploads/2022/10/Arkansas-Division-of-Correction-Inmate-Handbook-Revised-November-1-2022-Director-approved.pdf (last accessed January 26, 2023). See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original).

Although the ADC inmate handbook is not part of the record in this case, the Court may "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" in determining whether Mr. Sherman has stated a plausible constitutional claim for relief. *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017).

*Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.") Accordingly, the Court could also dismiss Mr. Sherman's complaint and amended complaint based on his failure to fully exhaust the claims raised in this lawsuit *before* filing this lawsuit.

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Sherman's complaint and amended complaint be DISMISSED, without prejudice, based on his failure to: (1) comply with the Court's June 2, 2023 Order requiring him to pay the filing fee; and (2) prosecute this lawsuit.

2. Or, in the alternative, Mr. Sherman's complaint and amended complaint be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies before filing this lawsuit.

3. The Clerk be instructed to close this case.

Dated 13 July 2023.

_____
UNITED STATES MAGISTRATE JUDGE